UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GLORIA BECKER, as personal
representative of the Estate of
Kenneth Becker,

               Plaintiff,

v.

               Case Number 06-13432-BC
               Honorable Thomas L. Ludington

ROTARY AIR FORCE MARKETING,
INC.,

               Defendant.
_____ /

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DIRECTING THE CLERK TO ENTER DEFAULT, AND DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEFING FOR THE DETERMINATION OF DAMAGES

On December 1, 2006, Plaintiff Gloria Becker commenced this action against Defendant Royal Air Force Marketing Inc. alleging wrongful death, negligence, and breach of implied warranties arising from the death of Kenneth Becker. Plaintiff's complaint requests "just, equitable, and fair" damages in excess of $75,000. The Court issued an order referring all pre-trial matters to Magistrate Judge Charles E. Binder. Dkt. # 7.

On November 13, 2007, Plaintiff filed a request for the Clerk of Court to enter default against Defendant pursuant to FEDERAL RULE OF CIVIL PROCEDURE 55(a) for failure to defend against Plaintiff's action. Dkt. # 43. On November 19, 2007, the magistrate judge issued a report and recommendation that recommended the Court grant Plaintiff's request. Dkt. # 45. Defendant did not file an objection.

The Clerk must enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to . . . defend, and that failure is shown by affidavit or otherwise . . ." FED.

R. CIV. P. 55(A). Initially, Defendant answered Plaintiff's complaint and otherwise defended against Plaintiff's action. *See* Dkt. # 36. In September of 2007, Defendant's counsel withdrew because Defendant ceased payment to counsel. Dkt. # 41. Judge Binder ordered the matter stayed for forty-five (45) days in order for Defendant to obtain counsel. At the conclusion of the stay, Defendant had not retained counsel. Judge Binder concluded that Defendant, a corporation, could not defend itself in this matter and recommended the entry of default. Dkt. # 45.

The Clerk may enter a default judgment if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation . . ." FED. R. CIV. P. 55(b)(1). Otherwise, "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). The rule provides this procedure so that a court may determine the amount of damages, if uncertain.

In the instant matter, Plaintiff filed an application for a default and the magistrate judge recommended granting Plaintiff's application "on all issues of liability, and that the case proceed to the determination of damages." Dkt. # 45. Plaintiff, however, has not provided the Court with an alleged amount of damages or any supporting documentation. The Court is unable to ascertain the amount of damages. Thus, the Court will order Plaintiff to provide supplemental briefing on the issues of Plaintiff's damages.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 45] is **ADOPTED**. The Clerk is **DIRECTED** to enter default against Defendant Rotary Air Force Marketing, Inc.

It is further **ORDERED** that Plaintiff shall file supplemental briefing addressing Plaintiff's damages **on or before March 4, 2008**.

It is further **ORDERED** that Plaintiff shall cause a copy of this order to be served on Defendant by certified mail **on or before February 25, 2008**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 12, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 12, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS